UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                  Case No. 25-CR-85

RANDY C. SMITH,

    Defendant.

## ORDER

On May 6, 2025, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment against Randy C. Smith. (Docket # 1.) Smith is charged with distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). Pretrial motions in this case are due by May 27, 2026, with responses due by June 8, 2026. (*See* Text Only Order dated 4/15/2026.) On April 27, 2026, Smith filed a motion pursuant to Fed. R. Crim. P. 17(c) requesting pretrial production of records from the electronic service providers involved in this case, Snapchat and Kik (MediaLab). (Docket # 33.) Smith requests that certain listed information be returned to counsel by May 20, 2026 (*id.* at 4–5, ¶ 6) for use in an anticipated motion to suppress (*id.* at 6). The government was given until May 8, 2026, to file any response to Smith's motion (*see* Text Only Order dated 5/5/2026) but did not do so.

The Supreme Court has identified a four-part test to guide trial courts in the issuance of subpoenas in criminal cases pursuant to Fed. R. Crim. P. 17(c). *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

> First, the documents sought must be evidentiary and relevant. Second, the defendant must be unable through the exercise of due diligence to otherwise procure the documents reasonably in advance of trial. Third, the documents must be essential to prepare for trial. Finally, the application must be made in good faith and not intended as a general "fishing expedition."

*Id.* Smith contends that the circumstances and substance of the records sought here satisfy all four *Nixon* factors. (Docket # 33 at 6.) He states that the requested documents are relevant to the resolution of his anticipated motion to suppress evidence obtained by warrantless searches conducted by Kenosha police detectives of Smith's digital files. (*Id.* at 1.) Smith states that the requested records are necessary to determine whether the government can meet its burden of establishing that the private search doctrine applies in this case. (*Id.*) Smith argues that his requests are sufficiently narrow and aimed at the issues to be presented in his anticipated motion and are not a general "fishing expedition." (*Id.* at 6.)

I find that pretrial production of these documents is warranted under Fed. R. Crim. P. 17(c). Thus, the clerk's office is ordered to issue the two subpoenas duces tecum attached as Exhibits A and B to Smith's motion.

Dated at Milwaukee, Wisconsin this 11th day of May, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

2